IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| PETE SIAWAY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00446-MSM-AEM |
| | ) | |
| WEBSTER NATIONAL BANK, | ) | |
| Defendant. | ) | |

ORDER

The Plaintiff has filed with his Complaint a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 4), which requires the Court to determine whether the Complaint states a plausible federal claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 667 (2009) (plausible claim standard); 28 U.S.C. § 1915(e)(2)(B)(ii) (screening required). The Court has reviewed the Amended Application to Proceed *In Forma Pauperis* ("IFP") (without prepayment of the filing fee) (ECF No. 4), and the Complaint and determined that the Complaint falls short of a plausible federal claim for the reasons explained below. The Plaintiff is granted leave to amend within a thirty-day period in order to remedy the shortcomings of the Complaint.

First, the Court DENIES the Application for IFP status. The affidavit contained in the Application reveals that Mr. Siaway, considering his monthly take-home pay and his weekly and monthly expenses, has sufficient disposable income to

pay the $405.00 filing fee. If he decides to file an Amended Complaint consistent with the following comments, it must be accompanied by payment of the $405.00 filing fee.

Second, even considering Mr. Siaway's *pro se* status, which entitles him to some leeway, it is his burden to set forth a plausible legal claim warranting federal question jurisdiction. 28 U.S.C. § 1332. Only if the Complaint sets forth federal claims justifying jurisdiction in this Court can the Court also assert supplemental jurisdiction over the alleged state law violations claimed in the Complaint.

The Plaintiff's Complaint concerns a home equity loan extended to him by Webster National Bank and secured by his primary residence. According to the Complaint and its Exhibits, Mr. Siaway sought a loan in the amount of $50,000. Instead, the Bank after initially offering a $15,000 loan, ultimately agreed to a loan amount of $35,000, which the Plaintiff accepted. Based on what he contends was the home's value of $380,000, Mr. Siaway claims a number of violations of federal statutes in Webster's conduct around the loan.

The Court makes the following observations which the Plaintiff should address if he decides to file an Amended Complaint:

1. Mr. Siaway asserts a violation of the Equal Credit Opportunity Act (15 USC § 1691) in the Bank's failure to provide him with a copy of its appraisal. By its express language, however, 15 USC § 1691(e)(1), which requires disclosure of an appraisal within three business days, applies to loans secured by a *first lien* on a

dwelling. The Application[1] that Mr. Siaway included in his Exhibits indicates he had an outstanding first mortgage on the property (ECF No. 1-1, p. 9 of 17), so the Home Equity Loan would be a subordinate lien. Regarding the failure to provide a copy of the appraisal, Mr. Siaway's Amended Complaint must assert an obligation that arises under federal law other than 15 USC § 1691(e)(1) or provide a basis for a conclusion that the loan at issue was a "first lien."

2. The Truth in Lending Act (15 USC § 1601), which Mr. Siaway also cites, does apply to all "credit transactions [in which a] security interest is or will be acquired in real property" with no apparent limitation based on the priority order of liens. But nothing that Mr. Siaway references requires disclosure of an appraisal. *See* 15 U.S.C. § 1604 (entitled "Disclosures"). The disclosure requirements primarily reference terms of the loan and the main purpose of 15 USC § 1604 is to authorize administrative rule-making related to disclosures. *See also* 15 U.S.C. § 1637a, governing open-end credit plans and enumerates items required to be disclosed but does not mention appraisals. The administrative rule that Mr. Siaway cites – 12 C.F.R. 1002.14 -- uses the same language as 15 USC § 1691(e)(1) of "an application for credit that is to be secured by a first lien on a dwelling."

3. The Electronic Signature Act (15 USC § 7001) does not govern what documents must be disclosed. It is directed primarily to authorizing electronic

---

[1] In determining whether a Complaint states a claim for relief, a Court may consider documents, whose authenticity is not disputed, that are central to the dispute. *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (motion to dismiss).

signatures in lieu of hard signatures and addresses the consent of a consumer to an electronic signature; that consent does imply, but does not expressly grant, access to the document.  But Mr. Siaway does not assert that he was required to electronically sign the appraisal and, indeed, his complaint that it was not provided to him would at least raise an inference that it never appeared on an electronic screen in a form that was printable by him.  In any event, the Electronic Signature Act only applies to documents a person electronically signs and that allegation is missing from Mr. Siaway's Complaint.

4.     Mr. Siaway's final federal claim is that the bank failed to accurately express the terms of the loan because it promised a "discount" that was never applied.  It is not clear from the Complaint whether the discount was a discount of the interest rate – and, if so, whether the interest rate that appeared on the loan document was a pre-discounted or post-discounted amount – or whether it was some sort of discount applied to the payment itself.

If no Amended Complaint is filed on or before October 24, 2025, the case will be DISMISSED.  If an Amended Complaint is filed, with payment of the full filing fee, the Court will assess it to determine whether it states a plausible federal claim for relief.  28 U.S.C. § 1915(e)(2)(B)(ii).  If it does not, the case will be DISMISSED.

**IT IS SO ORDERED:**

_____
Mary S. McElroy,
District Judge

September 29, 2025