UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| PETE Z. SIAWAY, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 1:25-cv-00446-MSM-AEM |
| WEBSTER BANK, N.A., | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

The plaintiff, Pete Z. Siaway, brings this action *pro se* against Webster National Bank ("Bank"), a federally chartered bank, alleging violations of federal statutes in the Bank's conduct regarding an extension of a home equity loan ("Loan"). Specifically, Mr. Siaway brings claims under the Equal Credit Opportunity Act ("ECOA") (Count I), Truth in Lending Act ("TILA") (Count II), the Electronic Signatures in Global and National Commerce Act ("E-SIGN") and Uniform Electronic Transactions Act ("UETA") (Count III), and the Rhode Island Deceptive Trade Practices Act ("DTPA") (Count IV). (ECF No. 6.) The Bank is now moving to dismiss Mr. Siaway's Second Amended Complaint pursuant to Fed. R. Civ. P.12(b)(6). (ECF No. 13.)

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must set forth a "plausible claim." That means the plaintiff must "plead[] factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The reviewing court must assume the truth of all "well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008).

In ruling on a motion under Rule 12(b)(6), the Court may look to "the complaint, documents annexed to it, and other materials fairly incorporated within it," as well as "matters that are susceptible to judicial notice" and documents "referred to in the complaint." *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 12 (1st Cir. 2004). It may also consider "documents the authenticity of which are not disputed by the parties," "documents central to [plaintiff's] claim," and "documents sufficiently referred to in the complaint." *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 74 (1st Cir. 2014) (citation omitted). Here, these documents include the loan Note, Closing Disclosure, Notice of the Right to Cancel, and the letter correspondence regarding the loan amount and rate, of which both parties had prior notice, have attached, and do not dispute authenticity. (ECF Nos. 13-3; 13-4; 15-2.)

Mr. Siaway sought a loan in the amount of $50,000 from the Bank. (ECF No. 6 ¶ 5.) Instead, the Bank initially offered a loan in the amount of $16,500 with an interest rate of 7.115%. (ECF No. 13-3.) In response to Mr. Siaway's protest of the loan amount offered, the Bank increased the loan offer to $35,000 with an interest

rate of 6.865%. (ECF Nos. 6 ¶ 6; 13-4).[1] Mr. Siaway accepted the Bank's loan for $35,000 on August 24, 2023. *Id.* Prior to, or on August 24, the Bank provided Mr. Siaway with a Notice of Right to Cancel, (ECF No. 15-2 at 8), and a Closing Disclosure, (ECF No. 15-2 at 7), both of which he signed.

In his Second Amended Complaint, Mr. Siaway's ECOA claim (Count I), invokes ECOA's anti-discrimination provision, 15 U.S.C. § 1691(a), but he asserts no factual allegations supporting an inference that the Bank discriminated against him on the basis of a protected characteristic. The Second Amended Complaint alleges only that Mr. Siaway is a member of a minority group and that he did not receive the loan amount he initially sought. It does not allege that the Bank knew of Mr. Siaway's protected status, acted with discriminatory intent, denied credit because of that status, or treated similarly situated applicants outside the protected class more favorably. *See Wilson v. Atlanticus Servs. Corp.*, No. 19-11672, 2020 WL 2393198, at *3 (E.D. Mich. Jan. 10, 2020) (setting forth factual allegations necessary to support a §1691(a) claim).

In any event, in his opposition papers, Mr. Siaway does not argue his discrimination claim as pled and instead argues that the Bank failed to disclose an appraisal. (ECF No. 15 at 5.) But that theory does not plausibly state a claim under § 1691(a), which prohibits discrimination and not dissatisfaction with loan terms or document production. As Mr. Siaway's complaint does not include any factual

---

[1] The .25% rate reduction was offered because Mr. Siaway opened an account with the Bank and provided additional requested information. Mr. Siaway alleges that he was due an additional .25% reduction.

allegations that might plausibly suggest that the denial of the credit amount he sought was because of, or on the basis, of his protected status, the Court must grant the Bank's motion to dismiss this discrimination claim.

Next, Mr. Siaway's TILA claim (Count II) is time-barred. An action for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The alleged disclosure violations concern loan documents provided at the closing in August 2023. Mr. Siaway did not file this action until September 2025, well beyond the one-year limitations period. *See Viera v. Bank of N.Y. Mellon*, 2018 WL 4964545, at \*6 (D.R.I. Oct. 12, 2018).

Mr. Siaway's E-SIGN and UETA claims (Count III) fail as a matter of law. Neither the E-SIGN nor the UETA affords a private right of action, nor does Plaintiff even allege he signed the documents electronically. *See Diaz-Santiago v. Sanchez-Acosta*, No. CV 24-1011 (PAD), 2024 WL 1254076, at \*1 (D.P.R. Feb. 9, 2024), *appeal dismissed*, No. 24-1256, 2025 WL 2670236 (1st Cir. July 23, 2025), *reconsideration denied*, No. 24-1256, 2025 WL 3028815 (1st Cir. Oct. 7, 2025); *Stephens v. Bank of Am. Home Loans, Inc.*, 2017 WL 4322816, at \*4 (E.D.N.C. Sept. 28, 2017) ("like the E-Sign Act, no provision within UETA either explicitly or implicitly supports any legislative intent to create a private cause of action").[2]

---

[2] The cited persuasive authority is particularly relevant here where the UETA is to be "construed and applied . . . [t]o effectuate its general purpose to make uniform the law with respect to the subject of this chapter among states enacting it." *See* R.I. Gen. Laws § 42-127.1-6.

4

Mr. Siaway's claim under the DTPA (Count IV) fails as a matter of law because the Bank is a regulated entity exempted from the DTPA. *See* R.I. Gen. Laws § 6-13.1-4 ("Nothing in this chapter shall apply to actions or transactions permitted under laws administered by the department of business regulation or other regulatory body or officer acting under statutory authority of this state or the United States.")  The Bank and the relevant conduct at issue is subject to regulation by federal agencies responsible for oversight of lending institutions, like the Consumer Financial Protection Bureau ("CFPB") and the Office of the Comptroller of the Currency ("OCC").  Therefore, Mr. Siaway's "private action under the DTPA is precluded as a matter of law." *See Chavers v. Fleet Bank (RI), N.A.*, 844 A.2d 666, 671–72 (R.I. 2004); *see, e.g.*, *State v. Piedmont Funding Corp.*, 382 A.2d 819, 822 (1978) (finding conduct exempted when it "was clearly subject to the control of governmental agencies on both the state and federal level"); *Petrarca v. Garrison Prop. & Cas. Ins. Co.*, 2019 WL 1453058, at *2 (D.R.I. Apr. 2, 2019) (same).

Finally, in his memoranda opposing the Bank's Motion, Mr. Siaway asks that if the Court were to find "any technical pleading defect" that he be granted leave to amend.  Such an approach—to ask for leave to amend contingent upon a court determining a complaint must be dismissed—is disfavored in the First Circuit because it "would impose unnecessary costs and inefficiencies on both the courts and party opponents" and "would dramatically undermine the ordinary rules governing the finality of judicial decisions." *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 57 (1st Cir. 2008) (quoting *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983)).  Moreover,

the Court previously allowed Mr. Siaway leave to amend, setting forth in detail deficiencies in his original Complaint. (ECF No. 5.) The Court therefore declines any further leave to amend.

For the foregoing reasons, the Court GRANTS the Bank's Motion to Dismiss with prejudice. (ECF No. 13.)

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

March 3, 2026